**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Burr & Associates, LLC,  ) | CASE NO.:  3:25-cv-1381-SAL |
| ) | |
| Plaintiffs,  ) | |
| vs.  ) | |
| ) | **COMPLAINT FOR DAMAGES AND** |
| John Doe 1; John Doe 2; John Doe 3; and  ) | **INJUNCTIVE RELIEF** |
| John Doe 4,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

Plaintiff Burr & Associates, LLC ("Plaintiff" or "Burr & Associates"), by and through its undersigned counsel, hereby submits this Complaint, and shows the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff is a law firm in the State of South Carolina and is organized under the laws of the State of South Carolina doing business as Burr & Associates, LLC, with its principal place of business located in Lexington County, South Carolina.

2.      Upon information and belief, Defendant John Doe 1 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

3.      Upon information and belief, Defendant John Doe 2 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

1

7579617v.1

4.      Upon information and belief, Defendant John Doe 3 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

5.      Upon information and belief, Defendant John Doe 4 is a citizen of another State other than South Carolina who has committed tortious acts within the State of South Carolina or, alternatively, that targeted business activities and businesses in South Carolina, has transacted business within the State of South Carolina, and has committed acts that have caused injury within the State of South Carolina.

6.      Defendant John Doe 1 is the named owner of a bank account at Truist, bank account number xxxxxx1857 (the "Truist 1857 Account").

7.      Defendant John Doe 2 is the beneficial owner of the Truist 1857 Account.

8.      John Doe 3 is the owner of one or more accounts to which funds from the wire fraud alleged herein were subsequently transferred by participants and conspirators in the fraud alleged herein.

9.      John Doe 4 is a person who directed the activities of the criminal enterprise alleged herein, including the wire fraud at issue in this case.

10.      Jurisdiction and venue are proper in South Carolina federal and state courts pursuant to the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, as Defendants purposely directed activities with the forum or a resident thereof; performed acts whereby they purposely availed themselves of the privilege of conducting activities in South Carolina; the claims

asserted herein arise out of and relate to Defendants' forum-related activities; and the exercise of jurisdiction comports with fair play and substantial justice.

11.     Jurisdiction is also proper because Defendants committed intentional acts, purposely aimed by Defendants at a South Carolina business with a banking relationship in South Carolina, causing harm that the Defendants knew or should have known was likely to be suffered in South Carolina. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Calder v. Jones*, 465 U.S. 783, 788 (1984). Defendants knowingly reached out to a South Carolina attorney regarding a South Carolina real estate transaction for the purpose of diverting funds to accounts unrelated to the attorney or the transaction.

12.     A substantial part of the events underlying Plaintiff's claims took place in this District, in that the perpetrators of the fraud alleged herein targeted employees of Plaintiff located in Charleston, South Carolina, by providing false wire instructions to divert funds to Defendants and their co-conspirators. South Carolina has a substantial interest in providing a forum, rendering jurisdiction and venue in this Court proper.

13.     The exercise of jurisdiction by this Court over Defendants and banks and other persons and entities acting in concert with Defendants would not violate fairness and substantial justice.

14.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question under RICO) and, alternatively, § 1332 (diversity of citizenship, as the amount in controversy exceeds $75,000 and, upon information and belief, the Defendants are citizens of states other than South Carolina).

15.      Venue is proper in the courts located in and covering South Carolina and in this Division, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Charleston, located within the District of South Carolina.

## FACTUAL BACKGROUND

16.      At all times relevant to this Complaint, Plaintiff is a law office, employing attorney, Sandra Burr, licensed to practice in the State of South Carolina, with offices in Lexington County.

17.      At all times relevant to this Complaint, Plaintiff had a business banking relationship with Truist and maintains an account at Truist (the "Plaintiff Truist Account") in connection with its law practice.

18.      In September and October 2024, Plaintiff was assisting as the buyer's counsel with closing a transaction for the purchase of real estate located in Chapin, South Carolina. The transaction closed on October 31, 2024 (the "Real Estate Closing").

19.      Prior to October 31, 2024, Defendants and their co-conspirators, hacked into communications among the parties to the Real Estate Closing through unknown means, posed as parties related to the Real Estate Closing, and transmitted to Plaintiff false wire instructions ("Fraudulent Wire Instructions") directing that Plaintiff wire a mortgage paydown to the Truist 1857 Account.

20.      In reliance on the Fraudulent Wire Instructions, Plaintiff wired from its Truist Account the sum of $456,862.96 to the Truist 1857 Account (the "Wire Transfer").

21.      Without notification to Burr & Associates, Truist Bank recovered $140,137.24, bringing the total amount to be recovered to $316,725.68.

7579617v.1

22.     The Truist 1857 Account is owned by John Doe 1. Upon information and belief, John Doe 1 is not a party to and does not have a legitimate business interest in the Real Estate Closing.

23.     The owners of the Truist 1857 Account and subsequent accounts to which the Wire Transfer may have been transferred (the "Recipient Accounts") are unknown, but upon information and belief, they are persons operating or recruited by a fraudulent enterprise for the purpose of moving funds beyond the reach of Plaintiff and Court process.

24.     Upon information and belief, Defendants may be using one or more shell corporations, other accounts, and digital currency for the purpose of diverting and laundering Plaintiff's funds.

25.     Because of the fraudulent wire instructions supplied by Defendants or their co-conspirators, the Wire Transfer was transferred from Plaintiff's Truist Account into the Truist 1857 Account and the Recipient Accounts, to persons not affiliated with Plaintiff or the Real Estate Closing.

26.     Defendants are individuals or businesses whose names are unknown, but who own the Recipient Accounts that received the Wire Transfer, directed the fraudulent scheme alleged herein, and who either acted with knowledge of the fraudulent nature of the fraud upon the parties to the Business Transactions or with reckless indifference to the improper things they were doing or being asked to do as instrumentalities of the fraudulent scheme.

27.     Upon information and belief, Defendants' co-conspirators are individuals or businesses whose names are unknown, but who directed the fraudulent scheme alleged herein, including but not limited to: (1) directing that Defendants set up the Recipient Accounts and receive the Wire Transfer for fraudulent purposes; (2) planning and engaging in the fraud that

7579617v.1

preceded the Wire Transfer; and (3) receiving, negotiating, or disposing of the funds from the Wire Transfer.

28.     Submitted as Exhibit 1 with Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction is a Declaration of Plaintiff.

29.     Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who own the Truist 1857 Account and who engaged in the fraudulent email wire instructions and assertion of dominion over funds from the Wire Transfer.

30.     Upon information and belief, Defendants and their co-conspirators accessed, used, transferred, converted, withdrew, and stole the funds that Plaintiff transferred to the Truist 1857 Account.

## FIRST CLAIM FOR RELIEF – CIVIL RICO

31.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

32.     Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq.*

33.     Defendants and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of Wire Transfer and other money-laundering methods to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of Bitcoin and other digital assets to abscond with Plaintiff's funds, and conducting financial transactions with proceeds of unlawful activity. Upon information

7579617v.1

and belief, Defendants and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

34.     Plaintiff has suffered damages in excess of $316,725.68 which damages were proximately caused by Defendants' RICO violations and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants should be liable to Plaintiff.

35.     The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Recipient Accounts and other accounts used in the scheme, along with funds from other, similar fraudulent schemes targeting other persons and entities in South Carolina and other States, territories, and countries.

36.     Upon information and belief, Defendants' transactions alleged herein were not isolated in light of the complex nature of the scheme to hack email accounts, intercept communications, and fraudulently direct and divert funds to the Recipient Accounts.

37.     Defendants and their co-conspirators engaged in secrecy, disguising and hiding their true identities from Plaintiff directing funds be wired from the Plaintiff's Truist Account to the Truist 1857 Account using false identities. This secrecy and subterfuge demonstrate intentional conduct by Defendants. See, e.g., *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

38.     Defendants and their co-conspirators went to great lengths to hide their scheme from Plaintiff, including hiding their identities, supplying false wire instructions, and soliciting participants to accomplish the ends of the scheme.

7579617v.1

39.     Plaintiff has suffered damages in excess of $316,725.68, which damages were proximately caused by Defendants' RICO violations, and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

7579617v.1

## SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

40.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

41.     Defendants and their co-conspirators directed and diverted funds from Plaintiff's Truist Account to be transferred into the Truist 1857 Account and the Recipient Accounts for the benefit of Defendants and their co-conspirators. These funds constitute money which Defendants are not entitled in good conscience to retain and which in equity and good conscience, they should pay to Plaintiff.

42.     Defendants have the obligation in equity and good conscience to repay the funds that were transferred by the Wire Transfer to the Recipient Accounts, which funds were wired into said account as the result of fraud.

43.     Defendants have caused damage to Plaintiff by transmitting the Fraudulent Wire Instructions directing the Wire Transfer, and fraudulently taking funds from Plaintiff's Truist Account, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

## THIRD CLAIM FOR RELIEF – FRAUD

44.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

45.     Defendants and their co-conspirators obtained funds from Plaintiff's Truist Account through a fraudulent scheme as alleged above. Defendants and their co-conspirators either committed these acts themselves or acted through agents over whom they controlled the time,

9

manner, method and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Truist 1857 Account and subsequent Recipient Accounts.

46.     Defendants knew they did not own the funds from the Real Estate Closing, and they and their co-conspirators provided fraudulent documents for the purpose of fraudulently obtaining the funds from Plaintiff's Truist Account.

47.     Defendants intended that Plaintiff rely on their misrepresentations as to their identity and the affiliation of the Truist 1857 Account and the Fraudulent Wire Instructions with the Real Estate Closing.

48.     Plaintiff foreseeably relied on the Fraudulent Wire Instructions and the aforesaid misrepresentations by Defendants.

49.     The actions of Defendants constitute fraud for which Plaintiff is entitled to recover damages from Defendants.

50.     Defendants committed fraud, for which they should be liable in damages, and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

## FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

51.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

52.     Upon information and belief, Defendants conspired and agreed with each other and with one or more other persons and entities to commit the fraudulent acts set forth herein.

53.     As set forth above, Defendants and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds from Plaintiff's Truist Account to the Recipient Accounts.

7579617v.1

54.     Plaintiff was damaged by the aforesaid conspiracy, for which Defendants are liable in damages.

## FIFTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

55.     Plaintiff hereby incorporates the preceding paragraph of this Complaint by reference.

56.     As set forth above, Defendants fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Truist to wire $456,862.96 from Plaintiff's Truist Account to the Truist 1857 Account and, subsequently, to other Recipient Accounts.

57.     Defendants and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

58.     A constructive trust should be imposed on all funds traceable to the Wire Transfer to prevent unjust enrichment of Defendants and their co-conspirators.

## SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF

59.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

60.     There is a substantial likelihood that Plaintiff will prevail on the merits of its claims. If this injunction is not granted, Plaintiff stands to suffer irreparable injury, loss and damage if Defendants or their co-conspirators further negotiate funds from the Truist 1857 Account or subsequent Recipient Accounts or use proceeds from the stolen funds in or from these accounts. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Recipient Accounts, Defendants are likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff

7579617v.1

outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest, in that there is no public interest in recipients of fraudulent transfers retaining such funds.

61.    An injunction, including but not limited to an asset freeze and a freeze on the Truist 1857 Account, subsequent Recipient Accounts, and all other accounts of Defendants and accounts containing funds traceable to the Wire Transfer, is warranted and should be issued on a temporary and permanent basis pursuant to Federal Rule of Civil Procedure 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, beneficial owners, signatories, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and their co-conspirators and any other assets of Defendants and their co-conspirators from accounts associated with or utilized by any of the Defendants and their co-conspirators, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Recipient Accounts. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants.

7579617v.1

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

62.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

63.     Upon information and belief, Defendants engaged in willful and wanton or, alternatively, reckless conduct. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants pursuant to S.C. Ann. § 15-32-520.

WHEREFORE, Plaintiff prays for the following relief:

1)     That process issue in accordance with the law;

2)     That Plaintiff have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated by Defendants, including but not limited to imposing an asset freeze on assets of Defendants, Defendants' accounts, the accounts of all beneficial owners of the Recipient Accounts and signatories on the Recipient Accounts, including but not limited to the Recipient Accounts, and all other accounts which received the fraudulently transferred funds set forth herein;

3)     That Plaintiff be awarded compensatory, nominal, treble, general, and punitive damages against Defendants;

4)     That Plaintiff be awarded all costs of this action and attorneys' fees against Defendants; and

5)     That Plaintiff be awarded such other and further relief as the Court deems just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

7579617v.1

This 3rd of March, 2025.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

40 Calhoun Street, Suite 400
Charleston, SC 29401
_dmackelcan@csvl.law_
_ssmith@csvl.law_
Ph: 843-727-0307

By:     _s/Douglas W. MacKelcan_
        DOUGLAS W. MACKELCAN
        Federal Bar No.:  10058
        SHANA S. SMITH
        Federal Bar No.: 13774
        **_Counsel for Plaintiff Burr & Associates, LLC_**

14

7579617v.1